# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL RAGAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 8:23-cv-02857-MJM |
| Plaintiff, | |
| v. | |
| FARFETCH LIMITED, JOSÉ NEVES, ELLIOT JORDAN, and STEPHANIE PHAIR, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF YUANZHE FU TO APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL**

Movant Yuanzhe Fu ("Ms. Fu" or "Movant"), respectfully submits her memorandum in support of her motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approval of her selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), as Lead Counsel and Hirschler Fleischer, P.C. ("Hirschler"), as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action lawsuit brought on behalf of all persons or entities who purchased or otherwise acquired Farfetch Limited ("FTCH" or the "Company") securities between March 9, 2023 through August 17, 2023 and against Farfetch and three of its executives, alleging claims for violations of the Securities Exchange Act of 1934 ("1934 Act").

The PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Here, Ms. Fu should be appointed as lead plaintiff because she: (1) timely filed her Motion; (2) has the largest financial interest in the outcome of her litigation to best of her knowledge; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Ms. Fu's selection of Hagens Berman to serve as Lead Counsel and Hirschler to serve as Liaison Counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.    PROCEDURAL BACKGROUND

On October 20, 2023, this Action was filed in this Court against Farfetch and other defendants (collectively, "Defendants"). Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on that same

day, the first notice that a class action had been initiated against Defendants was published on *Globe Newswire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (December 19, 2023). *See* Gilmore Decl., Exhibit C.

### III.   ARGUMENT

**A.   Ms. Fu Should be Appointed Lead Plaintiff**

**1.   The procedural requirements pursuant to the PSLRA.**

The PSLRA outlines a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in this Action published a notice on *Globe Newswire* on October 20, 2023. *See* Gilmore Decl., Exhibit C. The notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be December 19, 2023. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u- 4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—

> (aa) has either filed the complaint or made a motion in response to a notice . . . .

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

**B.    Ms. Fu is "The Most Adequate Plaintiff"**

**1.    Ms. Fu has complied with the PSLRA and should be appointed Lead Plaintiff.**

Ms. Fu moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the Action published notice on *Globe Newswire*, a national business-oriented wire service, on October 20, 2023. Accordingly, Movant meets the requirements of 15 U.S.C. § 78u- 4(a)(3)(A) and (B) and has filed her motion by December 19, 2023.

Moreover, Ms. Fu has the largest known financial interest in the relief sought by the Class. Further, she has shown her willingness to represent the Class by signing a sworn Certification detailing her investments in Farfetch securities during the Class Period and confirming her willingness to discharge the obligations of class representative in this Action. *See* Gilmore Decl., Ex. A.

In addition, Ms. Fu has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resume of proposed Lead Counsel, Hagens Berman, is attached as Exhibit D to the Gilmore Decl. and the

firm resume of proposed Liaison Counsel, Hirschler, is attached as Exhibit E to the Gilmore Decl.

### 2.      Movant has the largest known financial interest.

As indicated in her Certification and loss chart, Ms. Fu purchased 500,000 shares of Farfetch securities during the Class Period and suffered approximately $1,385,317.46 in losses. *See* Gilmore Decl., Exs. A, B. To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Ms. Fu satisfies the PSLRA's "largest financial interest" requirement.

### 3.      Ms. Fu satisfies the requirements of Rule 23.

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisfy] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Knurr v. OrbitalATK, Inc*., 220 F. Supp. 3d 653, 658 (E.D. Va. 2016). Only a *prima facie* showing of typicality and adequacy is required. *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003).

Ms. Fu satisfies the typicality requirement as she seeks to represent a class of similarly situated purchasers of Farfetch securities and suffered a loss as a result of Defendants' alleged misconduct. *Royal Ahold*, 219 F.R.D. at 350 (holding that the typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members or when the claims are based on the same legal theory).

Ms. Fu similarly satisfies the adequacy requirement as her interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Ms. Fu has a significant, compelling interest in

prosecuting the Action to a successful conclusion based upon her very large financial losses suffered as a result of the wrongful conduct alleged in the Action. Her motivation, combined with her identical interest with the members of the Class, demonstrates that she will vigorously pursue the interests of the Class. In addition, Movant has selected a law firm to represent her and the Class that is highly experienced in prosecuting securities class actions.

In sum, because of Ms. Fu's common interests with the Class members, it is clear she is motivated and able to vigorously pursue this Action, she has selected competent counsel, and she is adequate. Thus, the Movant satisfies the requirements of Rule 23(a)(3) and (4).

## C.     The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Ms. Fu has selected Hagens Berman to serve as Lead Counsel for the Class. The firm has not only prosecuted complex securities fraud actions but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Gilmore Decl., Ex. D. Ther Court may be assured that in the event the Ms. Fu's Motion is granted, the members of the Class will receive the highest caliber of legal representation. Movant also requests that the Court approve her selection of Liaison Counsel. Hirschler is familiar with practice in this district and has a well-respected reputation for practice in this Court. *See* Gilmore Decl., Ex. E.

## IV.     CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court enter an order: (1) appointing her to serve as Lead Plaintiff in this Action; (2) approving her selection of

- 5 -

Lead and Liaison Counsel for the Class; and (3) granting such other and further relief as the

Court may deem just and proper.

DATED:  December 19, 2023                     Respectfully submitted,

                                             HIRSCHLER FLEISCHER, PC


                                             By:  ___/s/ Wayne G. Travell_____
                                             Wayne G. Travell (Bar No. 09182)
                                             HIRSCHLER FLEISCHER, PC
                                             1676 International Drive, Suite 1350
                                             Tysons, VA 22102
                                             Telephone: (703) 584-8903
                                             Facsimile: (703) 584-8901

                                             *Liaison Counsel for [Proposed] Lead Plaintiff
                                             Yuanzhe Fu*

                                             Reed R. Kathrein (*pro hac vice* forthcoming)
                                             Lucas E. Gilmore (*pro hac vice* forthcoming)
                                             **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                             715 Hearst Avenue, Suite 202
                                             Berkeley, CA  94710
                                             Telephone: (510) 725-3000
                                             Facsimile:  (510) 725-3001
                                             reed@hbsslaw.com
                                             lucasg@hbsslaw.com

                                             Steve W. Berman (*pro hac vice* forthcoming)
                                             **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                             1301 Second Avenue, Suite 2000
                                             Seattle, WA  98101
                                             Telephone: (206) 623-7292
                                             Facsimile:  (206) 623-0594
                                             steve@hbsslaw.com

                                             *Attorneys for [Proposed] Lead Plaintiff
                                             Yuanzhe Fu*